IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OMARI ELLIOT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:20-cv-08025-LSC |
| | ) | (2:11-cr-00013-LSC-HNJ-3) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OF OPINION

## I.   Introduction

Before this Court is a motion by Omari Elliot ("Elliot" or "Petitioner") to vacate, set aside, or otherwise correct his sentence of a life term of imprisonment pursuant to 28 U.S.C. § 2255 ("§ 2255"). (Docs. 1, 5.) The United States ("Government") responded in opposition to the motion. (Doc. 12.) For the reasons set forth below, Elliot's § 2255 motion (doc. 1) is due to be denied and the present action dismissed.

## II.  Background

### A.   Charges and Sentencing

On February 2, 2011, a federal grand jury returned a sixteen-count indictment

against Elliot and five co-defendants. (Cr. Doc. 1.)[1] Counts twelve and fourteen of the indictment each charged Elliot with one count of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951. (Cr. Doc. 1 at 11–13.) Counts thirteen and fifteen charged Elliot with using a firearm during and in relation to a crime of violence in violation of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c)(1)(A). (Cr. Doc. 1 at 11–13.) Following two trials,[2] the respective juries convicted Elliot of counts twelve through fourteen. (Cr. Docs. 72, 73, 116.)

At Elliot's sentencing hearing on January 25, 2012, this Court adopted the findings of Elliot's pre-sentence investigation report ("PSR") and determined that his advisory guideline range was 360 months to a lifetime term of imprisonment after applying a sentence enhancement pursuant to the ACCA. (Cr. Doc. 172 at 13.) Elliot objected to the application of the sentence enhancement, and this Court overruled the objection. (Cr. Doc. 172 at 2–13.) Considering "the characteristics of this defendant and the circumstances involved in this instance, . . . and the fact of the robberies . . . ," this Court determined that the maximum sentence was appropriate. (Cr. Doc. 172 at 20.) Accordingly, this Court sentenced Elliot to consecutive terms

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Thomas*, No. 2:11-cr-00013-LSC-HNJ-3 (N.D. Ala. Jan. 27, 2012).
[2] Elliot went to trial with respect to counts twelve and thirteen of the indictment on August 16, 2011, and the jury found Elliot guilty of both counts. (*See* Cr. Docs. 72, 73.) Elliot went to trial with respect to counts fourteen and fifteen of the indictment on September 9, 2011. (*See* Cr. Doc. 116.) The jury found Elliot guilty of count fourteen and acquitted him of count fifteen. (*Id.*)

of 240 months' imprisonment as to count twelve, 240 months' imprisonment as to count fourteen, and a lifetime term of imprisonment as to count thirteen. (Cr. Doc. 172 at 21; Cr. Doc. 159 at 2.) On January 27, 2012, this Court entered judgment against Elliot. (Cr. Doc. 159.) Elliot appealed, and the Eleventh Circuit affirmed his convictions and sentence. (Cr. Doc. 205.)

### B.   § 2255 Proceedings[3]

Liberally construing the claims in Elliot's petition (doc. 1),[4] including those in his supplemental petition (doc. 5),[5] he argues that he "is entitled to a full resentencing" because his convictions for Hobbs Act robbery cannot constitute crimes of violence for purposes of a conviction and mandatory sentence enhancement under the ACCA or a discretionary sentence enhancement under the sentencing guidelines.[6] (*See* Doc. 5 at 2–5; Doc. 1 at 2.)

---

[3] Elliot requests that this Court appoint counsel to represent him for the present motion. (Doc. 5 at 8.) "A plaintiff in a civil case has no constitutional right to appointment of counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Petitions under 28 U.S.C. § 2255 are civil actions. *See Woodford v. Ngo*, 548 U.S. 81, 91 n.2 (2006) ("[H]abeas corpus [is] an original . . . civil remedy for the enforcement of the right to personal liberty, rather than . . . a stage of the . . . criminal proceedings . . . or as an appeal therefrom.") (alterations in original) (quoting *Fay v. Noia*, 372 U.S. 391, 423–24 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977), *and abrogated on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991)). Accordingly, this Court denies Elliot's request for appointment of counsel.
[4] Because Elliot is a *pro se* litigant, this Court liberally construes his pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).
[5] This Court was unable to discern the exact date on which Elliot signed his supplemental motion (doc. 5), likely as a result of the document being handwritten and/or scanned. However, this Court could determine that Elliot signed the supplement between the twentieth and twenty-ninth of May 2021. (*See* Doc. 5 at 6.) The Clerk of this Court filed the supplement on June 1, 2021. (*Id.* at 1.)
[6] *See* U.S. SENT'G GUIDELINES MANUAL ("U.S.S.G.") § 4B1.2(a) (U.S. SENT'G COMM'N 2022).

### III.  Timeliness and Non-Successiveness of Harris's § 2255 Motion

Elliot is bringing his first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. at §§ 2255(h), 2244(b)(3)(A).

Petitions under § 2255 are subject to a one-year limitation period, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Eleventh Circuit affirmed Elliot's convictions on October 18, 2013. (Doc. 205.) Elliot did not petition for writ of certiorari. Consequently, the Eleventh Circuit's judgment became final on January 16, 2014. *See* SUP. CT. R. 13; *see also Michel v. United States*, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008) ("When no petition for writ of certiorari is filed, the judgment becomes final for § 2255 purposes when

the time for filing the petition expires. A petition for writ of certiorari must be filed within 90 days of the day the appellate court's judgment was entered.") (citations omitted). Elliot filed the present § 2255 petition on June 19, 2020 (doc. 1 at 2.),[7] over six years after his conviction became final, and his petition is therefore untimely under § 2255(f)(1).

On July 22, 2020, this Court ordered Elliot to show cause as to why his petition is not due to be dismissed as untimely. (Doc. 2.) In response, Elliot simply stated that he filed his § 2255 petition within one year of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (Doc. 3 at 1–2.) Presumably, Elliot intended to assert that *Davis* recognized a new, retroactively applicable right and that his petition was thus timely under § 2255(f)(3). For the reasons explained below, *Davis* is inapplicable to Elliot's case, and his petition fails for untimeliness. Moreover, Elliot's § 2255 petition fails on the merits irrespective of timeliness.

## IV. Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1)

---

[7] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520–21 (5th Cir. 1979)). However, an evidentiary hearing is appropriate if, "accept[ing] all of the petitioner's alleged facts as true," the petitioner has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (first quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987); and then quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

V.   Discussion

Elliot contends that the Supreme Court's decision in *Davis*, 139 S. Ct. 2319, rendered 18 U.S.C. § 924(c) ("§ 924(c)") unconstitutionally vague in its entirety. (*See* Doc. 5 at 2–4.) As a result, Elliot argues, his conviction for Hobbs Act robbery cannot constitute a crime of violence for purposes of a conviction and mandatory sentence enhancement under the ACCA or the sentence enhancement that this Court applied pursuant to the sentencing guidelines. (*See* Doc. 5 at 2–4; *see also* Cr. Doc. 172 at 20–21.)

Section 924(c) of the ACCA prohibits using or carrying a firearm during and in relation to any crime of violence. 18 U.S.C. § 924(c)(1)(A). A mandatory sentence enhancement of five to ten years applies to any individual convicted of violating § 924(c). *Id.* at §§ 924(c)(1)(A)(i)–(iii). "The statute proceeds to define the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." *Davis*, 139 S. Ct. at 2324; *see also* 18 U.S.C. § 924(c)(3). The statute states that a crime of violence is an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In *Davis*, the Supreme Court found that the residual clause, § 924(c)(3)(B), was unconstitutionally vague. 139 S. Ct. at 2324. The Court made no mention, however, about the elements clause, § 924(c)(3)(A).

Elliot was convicted of two counts of Hobbs Act robbery. (*See* Cr. Docs. 1, 72, 73, 116.) The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. § 1951(b)(1). The indictment and the judgment make clear that Elliot's conviction and sentence for using or carrying a firearm in furtherance of a crime of violence fell under the ACCA's elements clause, not the residual clause. (*See* Cr. Doc. 1 at 13; Cr. Doc. 159 at 1.) Specifically, the indictment charged Elliot with, and the juries found him guilty of, committing Hobbs Act robbery "by means of actual and threatened physical violence" and using and carrying a firearm during and in relation to such robbery. (Cr. Doc. 1 at 11–13; Cr. Docs. 72, 73, 116.)

Because Elliot's conviction fell under the ACCA's elements clause, the residual clause — and, by extension, the Supreme Court's holding in *Davis*, 139 S. Ct. 2319 — is entirely inapplicable to Elliot's case. Section 2255(f)(3), therefore, does not save Elliot's position from untimeliness. Moreover, even if Elliot's petition

(doc. 1) was timely, his argument nonetheless fails because Hobbs Act robbery meets the definition of a crime of violence under the elements clause of the ACCA. *See In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (holding that Hobbs Act robbery "meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A)" and upholding the petitioner's sentence irrespective of the constitutionality of § 924(c)(3)(B)); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding that a "conviction for aiding and abetting a Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)"); *see also United States v. Buckner*, 808 F. App'x 755, 761 (11th Cir. 2020) ("[A] conviction for substantive Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s elements clause.").

To save his petition, Elliot argues that he is entitled to resentencing because Hobbs Act robbery is no longer a crime of violence within the meaning of the sentencing guidelines. *See United States v. Eason*, 953 F.3d 1184, 1190 (11th Cir. 2020); *see also* U.S.S.G. § 4B1.2(a). Though Elliot is correct in the basis of his assertion, that fact does not entitle him to resentencing.

The sentencing guidelines are merely advisory, and the miscalculation thereof is not cognizable in a § 2255 petition when the petitioner's sentence falls within the applicable statutory range. *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir.

2014) (en banc). "When a federal prisoner, *sentenced below the statutory maximum*, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Id.* at 1139 (emphasis added). Elliot alleges neither actual innocence nor the vacatur of a prior conviction that formed the basis of the sentence enhancement. Furthermore, the maximum sentence under § 924(c)(1)(A)(ii) is a lifetime term of imprisonment, which must be consecutive to any other term of imprisonment. This Court therefore imposed a lawful sentence upon Elliot irrespective of any error in calculating the relevant range of punishment under the sentencing guidelines.

## VI.   Conclusion

For the foregoing reasons, Elliot's § 2255 motion to vacate, set aside, or correct a sentence (doc. 1) is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). This Court finds that Elliot's claims do not satisfy either standard.

A separate order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on August 8, 2023.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

211913